UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DUCK COMMANDER, INC.** | * | **CIVIL ACTION NO. 10-1790** |
| **VERSUS** | * | **JUDGE JAMES** |
| **TNP PRODUCTIONS, INC., ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the district court is a motion to dismiss for lack of personal jurisdiction filed by defendants TNP Productions, Inc., et al., seeking dismissal of defendant Chris Fash. For reasons stated below, it is recommended that the motion be **GRANTED**.

**Procedural History**

Plaintiff Duck Commander, Inc. (Duck Commander), filed the instant suit in this court on December 1, 2010. Made defendants were TNP Productions, Inc. (TNP Productions), TNP Productions d/b/a Cut Em Films, TNP Productions d/b/a Cut Em Calls, and Chris Fash, president of TNP Productions. (Petition [doc. # 1]). Plaintiff seeks recovery under the Lanham Act for trademark infringement, false designation of origin, unfair competition, and unauthorized use of Duck Commander's trademarks, "CUT EM ALL JACK" and "CUT EM" ("Duck Commander Marks"). (*Id.* at ¶¶ 1, 7).

On May 31, 2011, Defendants filed the instant motion to dismiss for lack of personal jurisdiction, seeking to dismiss defendant Chris Fash. [doc. # 11]. The motion is opposed. The

matter is now before the court.

## Law and Analysis

Courts are obligated to consider personal jurisdiction before reaching the merits of a claim. *See Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 623 (5th Cir. 1999) (citing *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). In a federal question case where the federal statute at issue does not authorize nationwide service of process, as is the case with the Lanham Act, a court may assert personal jurisdiction to the extent "reached by the long-arm statute of the state in which the district court sits." *Point Landing, Inc. v. Omni Capital Intern., Ltd.*, 795 F.2d 415, 427 (5th Cir. 1986); *see also Tempur-Pedic Intern., Inc. v. Go Satellite Inc.*, 758 F. Supp. 2d 366, 371 (N.D. Tex. 2010). Louisiana's long-arm statute extends jurisdiction to the full limits of the Constitution. LA. REV. STAT. ANN. § 13:3201(B). Accordingly, the sole issue here is whether exercising *in personam* jurisdiction over the non-resident defendant comports with federal due process.

For personal jurisdiction to satisfy due process requirements, the plaintiff must establish that "(1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citations omitted).

The "minimum contacts" prong divides contacts into those that give rise to general jurisdiction and those that give rise to specific jurisdiction. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). General jurisdiction may be exercised when a

defendant's contacts with the forum state are "continuous and systematic," regardless of whether the action is related to the forum contacts. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271(5th Cir. 2006) (citations omitted). Specific jurisdiction applies where the non-resident defendant has relatively few contacts with the forum state, but the suit arises out of or is related to the defendant's contacts with the forum. *Id*. (citations omitted).

"A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendants [sic] contacts with the forum state." *Freudensprung, supra* (citations omitted).

Finally, when the court resolves a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, plaintiff need only make a prima facie showing of the jurisdictional facts. *Freudensprung, supra*. All uncontroverted allegations are taken as true and fact conflicts are resolved in the plaintiff's favor. *Lewis v. Fresne*, 252 F.3d 352, 356 (5th Cir. 2001) (citation omitted).

In the instant case, Plaintiff argues that defendant Fash has sufficient contacts, both individually and as president of TNP Productions, to support a finding of specific jurisdiction. (Reply to Resp. to Mot. to Dismiss [doc. # 24] at p. 5). As for Fash's contacts in his capacity as president of TNP Productions, Defendants assert that the "fiduciary shield doctrine" bars the exercise of jurisdiction. This doctrine provides that "the acts of a corporate officer in his corporate capacity cannot form the basis for jurisdiction over him in an individual capacity." *Ostrowiecki v. Aggressor Fleet, Ltd.*, No. 07-6958, 2008 WL 2313140, at *4 (E.D. La. May 30, 2008) (citations omitted). The doctrine is not applicable, however, when "corporate officers

3

who, in their role as corporate agents, injure persons by virtue of their tortious activity even if such acts were performed within the scope of their employment as corporate officers."[1] *Global 360, Inc. v. Spittin' Image Software, Inc.*, No. 04-1857, 2005 WL 625493, at *7 (N.D. Tex. Mar. 17, 2005). *See also Tempur-Pedic Intern., Inc., supra*; *Endotech USA v. Biocompatibles Intern. PLC*, No. 00-0957, 2000 WL 1594086, at *11-12 (E.D. La. Oct. 24, 2000).

Plaintiff alleges numerous contacts between Defendants and the forum state which would subject them to jurisdiction. These include conducting business with Louisiana companies in connection with the sponsorship of the defendants' products, using the allegedly infringing mark "CUT EM" in connection with the Defendants' products, and operating an interactive website which was viewed by Louisiana residents. (Pet. at ¶ 12-17, 20-25). However, Plaintiff provides scant evidence as to precisely what role defendant Fash had in these activities. Rather, Plaintiff resorts to conclusory allegations that "Fash, as president of TNP Productions, is responsible for, and the central figure in, creating the tortuous [sic] infringement of Defendants" (Resp. to Mot. to Dismiss [doc. # 17], p. 12 (citations omitted)), and that Fash is "the primary figure in orchestrating the deliverance of Defendants' products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *Id.* at p. 9. While it is true that even a single act can confer personal jurisdiction over a defendant if that act gives rise to the claim being asserted, *Lewis*, 252 F.3d at 359 (citation omitted), there is nothing in the record that ascribes specific conduct in a corporate capacity to Fash. *See General Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. App'x 775, 793-94 (5th Cir. 2007) (finding specific

---

[1] Likewise, the rule does not apply when the individual is the alter ego of the corporation. *See Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).

jurisdiction and disregarding corporate shield only where the plaintiff alleged specific contacts between one of the defendants and the forum state).

Some courts have disregarded the corporate shield where the defendant had an active role in the registration and maintenance of a website selling infringing products. *See Global 360, Inc., supra*; *Carrot Bunch Co., Inc. v. Computer Friends, Inc.*, 218 F. Supp. 2d 820, 826 (N.D. Tex. 2002). In *Global 360, Inc.*, the plaintiff filed a trademark infringement action against two corporate defendants and their president. *Global 360, Inc.*, 2005 WL 625493, at *1. The court found that the fiduciary shield principle did not apply, since the plaintiff alleged that the corporate officer registered, used and maintained the website over which the infringing product was sold. *Id.* at *7. It was also significant that the defendant was not only the president of the corporate defendants, he was also the managing director, bookkeeper, and indeed the sole employee. *Id.* In another case, *Carrot Bunch Co.*, the court found specific jurisdiction where the defendant had registered, used, and maintained the infringing domain names "with the knowledge that his actions would likely injure [the plaintiff] in [the forum state]." *Carrot Bunch Co., Inc. v. Computer Friends, Inc.*, 218 F. Supp. 2d 820, 826 (N.D. Tex. 2002).

In contrast, the plaintiff in this case has failed to allege any specific involvement by Fash in the operation of the website, other than to say Fash "directs and is responsible for the infringing activity." (Resp. to Mot. to Dismiss, p. 7). This clearly falls short of the type of intentional tortious conduct contemplated by the aforementioned cases, and Plaintiff has failed to make a prima facie showing of jurisdiction in this regard. Furthermore, as stated above, Plaintiff has alleged no other specific activities taken by Fash in his corporate capacity which might serve as a basis for circumventing the fiduciary shield doctrine.

As for Fash's contacts with Louisiana in his personal capacity, Plaintiff has alleged only two acts: registering the trademark "CUT EM," to which Plaintiff had superior rights, and licensing the mark to TNP Productions. It is undisputed that Fash filed a trademark application for the "CUT EM" mark on April 14, 2008, and thereafter granted an implied license to TNP Productions to use the mark in commerce. (*See* Exh. A. to Mot. to Dismiss, Declaration of Chris Fash at ¶¶ 3-4). Plaintiff maintains that Fash did so despite having knowledge that Duck Commander had superior rights to the mark.[2] (Pet., ¶ 24; Resp. to Mot. to Dismiss, p. 5). Plaintiff argues that, in so doing, Fash "directed his tortious conduct at residents of this State." *Id.*

In cases of intentional torts, the Fifth Circuit has applied the "effects test" of *Calder v. Jones*, 465 U.S. 783; *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 628-29 (5th Cir. 1999).[3] Under the effects test, minimum contacts may exist when a nonresident defendant expressly aims intentionally tortious activity into the forum state and knows that the brunt of the injury will be felt by a forum resident. *Johnson v. Tuff N Rumble Management, Inc.*, No. 99-1374, 1999 WL 1201891, at *4 (E.D. La. Dec. 15, 1999). The Fifth Circuit characterizes the effects test as "but

---

[2] Plaintiff also alleges that on May 9, 2011, after Plaintiff filed the initial Complaint, Fash again applied for a federal registration for "CUT EM," this time in connection with clothing and sporting goods. As a preliminary matter, this fact is irrelevant for purposes of assessing Fash's contacts with Louisiana, as it occurred after the Plaintiffs filed suit in this case. *See Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 52 (2d Cir. 1991) (finding that "personal jurisdiction depends on the defendant's contacts with the forum state at the time the lawsuit was filed").

[3] While the Fifth Circuit has yet to apply the effects test to cases involving trademark infringement, numerous other courts have done so. *See, e.g.*, *Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998); *Tempur-Pedic Intern., Inc. v. Go Satellite Inc.*, 758 F. Supp. 2d. 366 (N.D. Tex. 2010) *Global 360, Inc. v. Spittin' Image Software, Inc.*, No. 04-1857, 2005 WL 625493 (N.D. Tex. Mar. 17, 2005).

one facet of the ordinary minimum contacts analysis, to be considered as part of the full range of the defendant's contacts with the forum." *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002). The Fifth Circuit has recently noted that a determination of personal jurisdiction based solely on the effects test is "rare." *Moncrief Oil Int'l, Inc. v. Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007).

Here, Plaintiff has failed to show any intentional tort directed by Fash toward Louisiana. Filing a trademark application and licensing one's mark to another, even with knowledge of a third party's superior rights to the mark, are not activities prohibited by the Lanham Act. Rather, it is the use in commerce[4] of a registered mark that gives rise to liability. *See* 15 U.S.C. § 1114. Indeed, Plaintiff gives no explanation as to why these acts should be considered "intentionally tortious." Furthermore, even if these acts constituted intentionally tortious activity, Plaintiff has failed to show that Fash knew that the brunt of the injury would be felt in Louisiana. There is no evidence in the record that Fash even knew that Duck Commander is a Louisiana corporation. Thus, it is impossible for Plaintiff to satisfy the effects test, and Fash's personal contacts with Louisiana are too tenuous to support a finding of specific jurisdiction. The record simply does not show that he purposefully directed any conduct toward the forum state.

There is also no basis for this court to exercise general jurisdiction over Fash in his individual capacity. The record shows that Fash maintains no business operations in Louisiana, no property here, no mailing addresses nor bank accounts. (Exh. A to Mot. to Dismiss, Declaration of Chris Fash, ¶¶ 5-6). In fact, it does not appear that Fash has any contacts whatsoever with the state of Louisiana in his individual capacity, much less "continuous and

---

[4] Under the Lanham Act, "[t]he term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 U.S.C. § 1127.

systematic" contacts. (Mot. to Dismiss, p. 2).

In sum, Plaintiff simply has not made a prima facie showing of jurisdictional facts (i.e. minimum contacts) sufficient to support the exercise of personal jurisdiction over defendant Fash in federal court in Louisiana. Having determined that no minimum contacts exist to exercise jurisdiction over Fash, the court need not consider whether such jurisdiction would violate traditional notions of fair play and substantial justice. *Moncrief Oil Intern., Inc.*, *supra*.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss for lack of personal jurisdiction filed by defendants TNP Productions, Inc., et al. [doc. # 4] be **GRANTED**, and that Plaintiff's claims against Chris Fash be **DISMISSED**, **without prejudice**. Fed.R.Civ.P. 12(b)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of September, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE